1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| SCRIPPS HEALTH, et al., | CASE NO. 10cv2028 DMS (RBB) |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE** |
| vs. | |
| BLUE CROSS & BLUE SHIELD OF KANSAS, INC., et al., | **[Docket No. 5]** |
| Defendants. | |

17    This case comes before the Court on Defendant's motion to transfer venue. Plaintiffs filed an

18 opposition to the motion, and Defendant filed a reply. For the reasons set out below, the Court denies

19 the motion.

20                                         **I.**

21                                **BACKGROUND**

22    On July 25, 2008, a Patient presented at the emergency room at Scripps Memorial Hospital

23 Chula Vista ("Scripps"). The Patient represented that she was insured through Defendant Blue Cross

24 & Blue Shield of Kansas, Inc. ("BCBS"). Scripps verified with a BCBS representative that the Patient

25 was eligible for coverage, and the BCBS representative provided pre-certification for medical services

26 to be provided to the Patient. Scripps admitted the Patient on July 25, 2008, with the understanding

27 that it would be paid for services rendered. Scripps alleges that it provided "extensive, life-saving

28 / / /

health care services to the Patient from July 25, 2008 through August 25, 2008, resulting in total billed charges of over $500,000."  (Compl. ¶ 28.)

Pursuant to the BlueCard program,[1] Scripps filed its claim for reimbursement with the local Blue Cross entity, Blue Cross of California ("BCC").  BCBS denied the claim initially.  Scripps appealed that denial, and a Blue Cross representative informed Scripps that the claim would be paid at the discounted rate of $250,083.95.  BCBS did not pay the claim, however, asserting that the services provided were excluded according to the BCBS policy.  Scripps again appealed the denial of the claim, but BCBS refused to pay.  BCBS thereafter agreed to pay for emergency services at the discounted rate, but refused to acknowledge most of the services as emergent.

On August 25, 2010, Scripps and South Bay Surgical Associates Medical Group, Inc. filed a Complaint in San Diego Superior Court against BCBS.  Plaintiffs' Complaint alleges claims for breach of contract, breach of implied contract and declaratory relief.  Defendant removed Plaintiffs' Complaint to this Court on September 29, 2010, and promptly filed the present motion to transfer venue to the United States District Court for the District of Kansas.

**II.**

**DISCUSSION**

Defendant moves to transfer the present case pursuant to 28 U.S.C. § 1404(a).  This statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The moving party bears the burden of establishing these factors weigh in favor of transfer. *Shropshire v. Fred Rappoport Co.*, 294 F.Supp.2d 1085, 1095 (N.D. Cal. 2003) (citing *Decker Coal v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)); *Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1088 (N.D. Cal. 2002) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).

/ / /

/ / /

---

[1] Plaintiffs allege the BlueCard program "enables members of one BCBSA member company to obtain healthcare services while traveling or living in another BCBSA member company's service area."  (Compl. ¶ 9.)

**A.     Might This Action Have Been Filed in the Northern District?**

As stated in the statute, the first inquiry for the Court is whether this action could have been filed in the District of Kansas.  Defendant invoked this Court's diversity jurisdiction in its notice of removal, therefore 28 U.S.C. § 1391(a) controls the determination of venue in this case.

Section 1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  As a corporation, Defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). It is undisputed that Defendant is subject to personal jurisdiction in, and therefore a resident of, Kansas.  Accordingly, the Court finds this action could have been brought in the District of Kansas pursuant to 28 U.S.C. § 1391(b)(1).

**B.     Convenience of Parties and Witnesses**

The first factor mentioned in the statute is the convenience of the parties and witnesses. Defendant argues it would be more convenient for itself and its witnesses if this case was transferred to the District of Kansas.  Specifically, Defendant asserts its employees reside in Kansas, as does the Patient.  However, both Plaintiffs reside in California, and they assert it would be more convenient for their employees to have the matter heard in this Court.  Because each side resides in and has witnesses in its own state, this factor is neutral.

**C.     Interest of Justice**

The next factor mentioned in the statute is the interest of justice.  Defendant argues the interest of justice in this case clearly weighs in favor of transfer.  Specifically, Defendant argues the policy at issue in this case, the BCBS policy, was made and entered into in Kansas, the District of Kansas would have subpoena power over witnesses that reside in Kansas, and the District of Kansas is less congested than this Court.

1    Plaintiffs do not dispute Defendant's argument about subpoena power, but they do dispute

2  Defendant's other arguments.  First, Plaintiffs dispute that the policy at issue in this case is the BCBS

3  policy.  They assert the agreement at issue is the one Plaintiffs had with BCC, which is governed by

4  California law.  Although both the BCBS policy and the BCC agreement appear to be relevant to this

5  case, the Complaint reflects that Plaintiffs' breach of contract claim is based solely on the BCC

6  agreement.  (*See* Compl. ¶¶ 41-45.)  Thus, Defendant's arguments about the BCBS policy do not

7  justify transfer to the District of Kansas.

8    Second, Plaintiffs dispute that the District of Kansas is less congested that this Court.  On this

9  point, the Court agrees with Defendant.  The evidence reflects the District of Kansas had a total of

10  2,172 filings for fiscal year 2009 while this Court had a total of 9,191 filings during the same time

11  period.  (*Compare* Decl. of Theresa Lopez in Supp. of Reply, Ex. A at 3 *with* Ex. B at 6.)  Each judge

12  in the District of Kansas has a total of 362 filings compared with 706 filings per judge in this Court.

13  (*Id.*)  Finally, the time from filing to trial for civil cases in the District of Kansas is twenty-four (24)

14  months compared with thirty-two (32) months in this Court.  (*Id.*)  Thus, the evidence supports

15  Defendant's argument that the District of Kansas is less congested than this Court.

16                                                          **III.**

17                                                    **CONCLUSION**

18    After considering the factors set out above, the Court declines to transfer this case to the

19  District of Kansas.  The only factor weighing in favor of transfer is the relative congestion of this

20  Court compared to the District of Kansas.  However, despite the overall statistics, this Court attempts

21  to get cases like this one to trial within eighteen (18) months of the filing of the complaint.  (*See*

22  Chambers

23  Rules 4.A.)  This Court is confident the present case can be tried here just as expeditiously as it would

24  be in Kansas.  Accordingly, Defendant's Motion to Transfer pursuant to 28 U.S.C. § 1404(a) is denied.

25    Defendant shall file its response to the Complaint within fourteen (14) days of the filing of this

26  Order.

27    **IT IS SO ORDERED**.

28  DATED:  November 30, 2010                      _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HON. DANA M. SABRAW
United States District Judge