UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCRIPPS HEALTH, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>BLUE CROSS & BLUE SHIELD OF KANSAS, INC., et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 10cv2028 DMS (RBB)<br><br>**ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS AND (2) GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY CLAIMS**<br><br>**[Docket Nos. 16, 17]** |

　　　　This case comes before the Court on Defendant's motion to dismiss and motion to compel arbitration and stay claims. Plaintiffs filed an opposition to the motion to dismiss. They do not oppose the motion to compel arbitration. For the reasons set out below, the Court denies the motion to dismiss and grants the motion to compel arbitration and stay claims.

**I.**

**BACKGROUND**

　　　　On July 25, 2008, a Patient presented at the emergency room at Scripps Memorial Hospital Chula Vista ("Scripps"). The Patient represented that she was insured through Defendant Blue Cross & Blue Shield of Kansas, Inc. ("BCBS"). Scripps verified with a BCBS representative that the Patient was eligible for coverage, and the BCBS representative provided pre-certification for medical services to be provided to the Patient. Scripps admitted the Patient on July 25, 2008, with the understanding that it would be paid for services rendered. Scripps alleges that it provided "extensive, life-saving

health care services to the Patient from July 25, 2008 through August 25, 2008, resulting in total billed charges of over $500,000." (Compl. ¶ 28.)

Pursuant to the BlueCard program,[1] Scripps filed its claim for reimbursement with the local Blue Cross entity, Blue Cross of California ("BCC"). BCBS denied the claim initially. Scripps appealed that denial, and a Blue Cross representative informed Scripps that the claim would be paid at the discounted rate of $250,083.95. BCBS did not pay the claim, however, asserting that the services provided were excluded according to the BCBS policy. Scripps again appealed the denial of the claim, but BCBS refused to pay. BCBS thereafter agreed to pay for emergency services at the discounted rate, but refused to acknowledge most of the services as emergent.

On August 25, 2010, Scripps and South Bay Surgical Associates Medical Group, Inc. filed a Complaint in San Diego Superior Court against BCBS. Plaintiffs' Complaint alleges claims for breach of contract, breach of implied contract and declaratory relief. Defendant removed Plaintiffs' Complaint to this Court on September 29, 2010. After the Court denied Defendant's motion to transfer venue to the United States District Court for the District of Kansas, Defendant filed the present motions.

## II.

## DISCUSSION

Defendant moves to dismiss each of Plaintiffs' claims. In the event the Court denies the motion to dismiss Plaintiffs' breach of contract claim, Defendant moves to compel arbitration of that claim and for a stay of the remaining claims. Plaintiffs oppose dismissal of any of their claims, and do not oppose the motion to compel arbitration of their breach of contract claim or to stay their remaining claims pending the outcome of the arbitration process.

**A.   Motion to Dismiss**

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint

---

[1] Plaintiffs allege the BlueCard program "enables members of one [Blue Cross Blue Shield Association] BCBSA member company to obtain healthcare services while traveling or living in another BCBSA member company's service area." (Compl. ¶ 9.)

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

1. Breach of Contract

To state a claim for breach of contract, Plaintiffs must plead the existence "of a contract, plaintiff's performance or excuse for failure to perform, defendant's breach and damage to plaintiff resulting therefrom." *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1031 (2009) (quoting *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1489 (2006)). Here, Defendant asserts it is not a party to the contract at issue, therefore Plaintiffs' breach of contract claim must be dismissed.

Plaintiffs do not dispute that Defendant is not a party to the contract. However, they argue Defendant is bound by the terms of the contract under three theories. First, Plaintiffs assert Defendant received benefits under the contract in the form of a discounted rate for services performed, therefore Defendant must bear the burden of making payment under the contract. Second, Plaintiffs argue Defendant is liable under the contract under an agency theory. Third, Plaintiffs contend Defendant is liable under theories of equitable estoppel and direct benefits estoppel.

In support of their first argument, Plaintiffs cite California Civil Code § 1589. This statute provides: "A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting." Cal. Civ. Code § 1589. This statute applies "to a party to the original contract, to an assignee of the contract, to a person who accepts all of the benefits of the contract, or to a person who

expressly assumes the obligations of the contract." *Recorded Picture Co. v. Nelson Entertainment, Inc.*, 53 Cal. App. 4th 350, 362 n.6 (1997). Here, Plaintiffs allege Defendant accepted the benefits of the contract in the form of a discounted rate for services rendered to its member, therefore it is obligated to pay Plaintiffs according to the terms of the contract.

Defendant asserts this argument is "contrary to both basic contract law and logic." (Reply in Supp. of Mot. at 3.) It cites *Comer v. Micor, Inc.*, 436 F.3d 1098 (9th Cir. 2006), for the proposition that a non-party to a contract, even one who receives a benefit from the contract, cannot be bound by the contract's terms. However, the cited portion of the opinion addresses whether a third party beneficiary may be bound to the terms of a contract, and more specifically, an arbitration clause, it did not sign, not whether a non-party who receives a benefit under the contract may be held liable thereon. On the latter set of facts, which are more akin to the facts alleged here, the *Comer* court agreed with Plaintiffs that a nonsignatory to a contract may be bound by the contract's terms if the nonsignatory "'knowingly exploits'" the contract. *Id.* at 1101 (quoting *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates*, 269 F.3d 187, 199 (3d Cir. 2001)). Defendant also cites *Clemens v. Am. Warranty Corp.*, 193 Cal. App. 3d 444, 452 (1987), for the proposition that a nonsignatory to a contract cannot be held liable for breach of that contract. *Clemens* so states, but the facts presented in that case are distinguishable from those presented here. Here, unlike in *Clemens*, Plaintiffs allege Defendant accepted the benefits of the contract, and thus California Civil Code § 1589 comes into play. Under that statute and the case law interpreting that statute, Plaintiffs have stated a valid breach of contract claim against Defendant.[2]

2.  Breach of Implied Contract

Turning to Plaintiffs' claims for breach of implied contract, those claims have "the same elements as [ ] a cause of action for breach of contract, except that the promise is not expressed in words but is implied from the promisor's conduct." *Yari v. Producers Guild of Am., Inc.*, 161 Cal. App. 4th 172, 182 (2008) (citing *Chandler v. Roach*, 156 Cal. App. 2d 435, 440 (1957)). Here, Defendant seizes on Plaintiffs' reference in the Complaint to the Knox Keene Act (*see* Compl. ¶ 51),

---

[2] In light of this finding, the Court does not address Plaintiffs' other arguments of agency and estoppel.

and argues that Act does not apply to the facts of this case. However, Plaintiffs' breach of implied contract claims do not rest solely on the Knox Keene Act. Accordingly, this argument does not warrant dismissal.

Defendant also asserts Plaintiffs are not entitled to recover under a *quantum meruit* theory in light of their breach of contract claim. However, Plaintiffs explain that they brought the breach of implied contract claims as an alternative to their breach of contract claim, which they are entitled to do. *See Rader Co. v. Stone*, 178 Cal. App. 3d 10, 29 (1986) (citing 4 B. Witkin, Cal. Proc., Pleading § 356, at 411 (3d ed. 1985)) ("Where the exact nature of the facts is in doubt, or where the exact legal nature of plaintiff's right and defendant's liability depend on facts not well known to the plaintiff, the pleading may properly set forth alternative theories in varied and inconsistent counts.") Thus, Plaintiffs' breach of contract claim does not warrant dismissal of their breach of implied contract claims.[3]

**B.     Motion to Compel**

In light of the Court's denial of Defendant's motion to dismiss, Defendant moves to compel arbitration of Plaintiffs' breach of contract claim and to stay the remaining claims pending the outcome of the arbitration process. Plaintiffs do not oppose this motion. Accordingly, that motion is granted.

### III.

### CONCLUSION AND ORDER

For these reasons, the Court denies Defendant's motion to dismiss, and grants Defendant's motion to compel arbitration and to stay Plaintiffs' remaining claims pending that arbitration. The Clerk of Court shall administratively close this case while the arbitration proceedings are underway.

/ / /

/ / /

/ / /

---

[3] Defendant's motion to dismiss Plaintiffs' fourth claim for declaratory relief rests on the same arguments raised in response to Plaintiffs' breach of contract and breach of implied contract claims. Because the Court rejects those arguments, it also denies Defendant's motion to dismiss Plaintiffs' declaratory relief claim.

1 | / / /

2 | Counsel shall apply to lift the stay upon completion of the arbitration, and at that time should be
3 | prepared to advise the Court of how they wish to proceed on the remaining claims.

4 | **IT IS SO ORDERED**.

5 | DATED: January 26, 2011

_____
HON. DANA M. SABRAW
United States District Judge